**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**3LIONS PUBLISHING, INC.,**

    **Plaintiff,**

**v.**                                           **Case No.  8:14-cv-1210-T-30TBM**

**SCRIPTNETICS, LLC,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count III of Complaint (Dkt. 9) and Plaintiff's Response in Opposition (Dkt. 12).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

Defendant argues that Count III of Plaintiff's amended complaint, an unfair competition claim under 15 U.S.C. § 1125 (the "Lanham Act"), is subject to dismissal because the claim is unclear, fails to plead sufficient facts, and is preempted by Plaintiff's copyright claims (Counts I and II).  The Court agrees in part.

Defendant cites to one typo in the complaint to suggest that the unfair competition claim is unclear.  The amended complaint cites to 15 U.S.C. § 1125, the correct statute, in numerous places; thus, this argument fails.  However, a review of Count III and the

incorporated general allegations demonstrates that Plaintiff's unfair competition claim *under the Lanham Act* is insufficient to state a claim.

To prevail on a claim of false designation of origin and unfair competition under section 1125(a) of the Lanham Act, a plaintiff must prove (1) that it had a valid trademark and (2) that the defendant had adopted an identical or similar mark such that consumers were likely to confuse the two. *See* 15 U.S.C. § 1125(a); *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 106 F.3d 355, 358 (11th Cir. 1997).

Plaintiff alleges that Defendant copied the content of Plaintiff's website onto Defendant's website and that this unlawful activity directed traffic away from Plaintiff's website. This is insufficient to allege an unfair competition claim under the Lanham Act because Plaintiff does not identify a mark. And it is doubtful that an entire website is sufficient to establish a trademark protected under the Lanham Act. Plaintiff's unfair competition claim is more akin to an unfair competition claim under common law, which does not require a mark as an element of the claim. Accordingly, Defendant's motion is granted to the extent that the Court holds that the unfair competition claim is insufficiently pled under the Lanham Act.

Defendant also argues that the copyright claims alleged in Counts I and II of the amended complaint preempt the unfair competition claim. This argument would fail even if Plaintiff realleges its unfair competition claim under common law as long as Plaintiff's unfair competition claim alleges facts that do not rely solely on Defendant's actions of copying Plaintiff's website. For example, if Plaintiff alleges that the copying of its website

resulted in customer confusion, Plaintiff has alleged an extra element that protects the claim from copyright preemption. *See Donald Frederick Evans and Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 914-15 (11th Cir. 1986).

Finally, Defendant's perfunctory argument that Plaintiff cannot seek both injunctive relief and damages is without merit. Plaintiff may plead alternative relief at this stage.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count III of Complaint (Dkt. 9) is granted for the reasons stated herein.

2. Count III is dismissed without prejudice to amend this claim within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 9, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1210.denymtdismiss.frm