UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

3LIONS PUBLISHING, INC.,

    Plaintiff,

v().  Case No: 8:14-cv-1210-T-30TBM

SCRIPTNETICS, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Disqualify Counsel with Incorporated Memorandum of Law (Dkt. 19) and Plaintiff 3Lions Publishing, Inc.'s Response (Dkt. 21). The Court, having reviewed the motion, response, and otherwise being advised in the premises, concludes that the motion should be denied.

## BACKGROUND

On May 21, 2014, Plaintiff 3Lions Publishing, Inc. ("3Lions"), through its counsel, Carlos Leyva ("Leyva"), filed its complaint against Defendant Scriptnetics, LLC ("Scriptnetics"), alleging copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and unfair competition under 15 U.S.C. § 1125. Specifically, 3Lions alleged that Scriptnetics infringed upon its copyright "by adapting [3Lions'] Website content…and releasing said adaptation…on [Scriptnetics'] company website".  (Dkt. 1).

Scriptnetics argues that Leyva should be disqualified from representing 3Lions because Leyva is a necessary and central witness in the case. Because information suggests that Leyva launched the website in question, Scriptnetics argues that his deposition is essential. Scriptnetics asserts that Leyva is President of 3Lions and its sole owner, arguing that Leyva and 3Lions are essentially "one and the same." (Dkt. 19). Scriptnetics also argues that Florida Bar Rule 4-3.7 ("Rule 4-3.7") and Rule 28 of the Federal Rules of Civil Procedure ("Rule 28") prevent Leyva from serving as 3Lions counsel.

In response, 3Lions argues that Leyva is not the sole owner or officer of 3Lions and asserts that there are other officers of 3Lions that are capable of serving as fact witnesses. 3Lions also states that testimony regarding the maintenance of 3Lions' website can be obtained from 3Lions' Chief Technology Officer, who is responsible for website maintenance. 3Lions argues that Scriptnetics fails to show compelling reasons that Leyva should be disqualified.

## **DISCUSSION**

The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Id.* Disqualification "is a harsh sanction, often working substantial hardship on the client" and should therefore "be resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). "A motion to disqualify brought by opposing counsel 'should be viewed with caution ... for it can be

2

misused as a technique of harassment.'" *See Herrmann v. GutterGuard, Inc.*, 199 Fed. App'x 745, 752, 2006 WL 2591878, at *6 (11th Cir. 2006) (citation omitted).[1]

Two sources of authority govern a motion to disqualify counsel – the local rules of the court in which the attorney appears and the federal common law. *See id*. First, the Court will analyze the local rules. The Middle District of Florida Local Rules provide that "[t]he professional conduct of all members of the bar of this Court … shall be governed by the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida to govern the professional behavior of the members of the Florida Bar." *See* M.D. Fla. Local R. 2.04(d). Scriptnetics argues that Leyva's disqualification is mandated under Rule 4-3.7 of the Florida Rules of Professional Conduct. Rule 4-3.7 states:

> **(a) When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client.

3Lions argues that the facts of the instant case render Rule 4-3.7 inapposite. The Court agrees. Rule 4-3.7 explicitly applies to circumstances in which an attorney "is likely to be a necessary witness *on behalf of the client*." Fla. Bar Reg. Rule 4-3.7 (emphasis

---

[1] 11th Cir. R. 36-2 instructs that while an unpublished decision has no binding precedential value, it may be cited as persuasive authority.

3

added). Rule 4-3.7 is focused on the prejudice to the client; therefore, where the client does not intend to call his attorney as a witness, Rule 4-3.7 is not implicated. *See Merrett v. Liberty Mut. Ins. Co.*, 3:10-CV-1195-J-34MCR, 2013 WL 2710717, at *2 (M.D. Fla. June 12, 2013) *aff'd*, 3:10-CV-1195-J-34MCR, 2013 WL 5330258 (M.D. Fla. Sept. 23, 2013) (citing *Etkin & Co., Inc. v. SBD LLC,* 11–21321–CIV, 2012 WL 5398966, at *2 (S.D. Fla. Nov.5, 2012)). Based on this reasoning, Scriptnetics' reference to *Dudley v. Wilson*, 13 So. 2d 145, 146 (Fla. 1943), is inapposite. Scriptnetics' reliance on *Fleitman v. McPherson*, 691 So. 2d 37, 38 (Fla. 1st DCA 1997), is also misplaced because the lawyer in *Fleitman* was found to be a likely "featured witness" at trial for his own client. Here, 3Lions has expressed no intention to call Leyva as a witness. Scriptnetics' authority, therefore, does not support disqualification of Leyva. *See AlliedSignal Recovery Trust v. AlliedSignal, Inc.*, 934 So. 2d 675, 680 (Fla. Dist. Ct. App. 2006).

Next, the Court must consider federal common law. Relevant federal common law requires the moving party to show "compelling reasons" warranting disqualification of counsel. *See In re BellSouth Corp.*, 334 F.3d at 961. Scriptnetics argues that Leyva is a necessary witness because he and 3Lions are "essentially…one and the same", however, all of Scriptnetics' arguments are belied by 3Lions' showing that there are alternate witnesses available for each of Scriptnetics' contentions. 3Lions has offered evidence that there are several other officers are capable of testifying as to the subject matter of Scriptnetics arguments and affirmative defenses. 3Lions has also illustrated the availability of several corporate witnesses that may be called pursuant to Fed. R. Civ. Pro. 30(b)(6). Further, because Scriptnetics' argument for Leyva's disqualification based on

4

Rule 28 is premised on his deposition being "essential", 3Lions' evidence regarding the availability of other witnesses refutes this argument as well. In light of 3Lions' evidence regarding alternate witnesses, Scriptnetics has failed to meet its burden of showing compelling circumstances that warrant Leyva's disqualification. Accordingly, the motion must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Disqualify Counsel with Incorporated Memorandum of Law (Dkt. 19) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of September, 2014.

                                                          _____
                                                          JAMES S. MOODY, JR.
                                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-1210 mt disqualify counsel.docx